Carl D. Crowell, OSB No. 982049
email: carl@crowell-law.com
CROWELL  LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **DALLAS BUYERS CLUB, LLC**,<br><br>       Plaintiff,<br><br>v.<br><br>**DOE-71.238.61.141,**<br><br>       Defendant, | Case No.:3:16-cv-00551-AC<br><br>MOTION FOR<br>ORDER TO SHOW CAUSE<br>CONTEMPT / SANCTIONS |

LR 7-1 Certification

Plaintiff does not have a phone number to reach the relevant party and the defendant is unknown.  There has been no response to mailings or personal service, and no conferral.

MOTION FOR ORDER TO SHOW CAUSE

Pursuant to FRCP 45(g) plaintiff moves the Court for an Order to Show Cause as to why third party Sara Pinnell should not be subject to sanctions for failing to comply with a properly issued FRCP 45 subpoena, issued pursuant to Standing Order 2016-8.

This motion is supported by the record of this case, declaration of counsel, Exhibits 1-5, and the below memorandum.

**MEMORANDUM**

1. Background

This matter relates to the BitTorrent download and publishing of plaintiff's motion picture through the internet. Plaintiff traced significant infringing activity to internet protocol address ("IPA") 71.238.61.141, and filed a complaint for relief on March 30, 2016. In response to a subpoena Comcast identified Sara Pinnell, an individual in Portland, Oregon, as the subscriber to the IPA. Exhibit 1. Plaintiff's investigative record indicates the Doe defendant not only downloaded plaintiff's motion picture *Dallas Buyers Club*, but also regularly used the Internet service provided by Ms. Pinnell with BitTorrent activity continuing through late July. Decl Counsel, ¶ 3. (Note this is well after service of plaintiff's subpoena.)

On being identified by Comcast, letters were dispatched to Ms. Pinnell on May 16 and May 23. Ecf. 9-2, 9-3. Included with the May 16 letter was a copy of Standing Order 2016-7 with information on available *pro bono* counsel and directing parties:

> Notwithstanding contrary information available through the Internet, if a subscriber or defendant ignores a Court Order, a subpoena seeking the subscriber's deposition, or a Summons and Complaint, then plaintiff may ask the Court for relief, including an award of attorney fees, and possibly the entry of a default judgment for money damages.

Standing Order 2016-7, Sec. C.

Without any response, pursuant to Standing Order 2016-8 a subpoena was dispatched to Ms. Pinnell but she evaded service. See Ecf. 8,9. An order allowing service by mail was issued and subpoena for her deposition to take place on August 9, 2016, together with a letter explaining the process and another copy of Standing Order 2016-7 were delivered on July 16. Exhibits 2, 2, 4, 5. At the time and place for Ms. Pinnell's deposition she failed to appear, has not rescheduled, and has not called or communicated with plaintiff in any way. Decl. Counsel,

¶ 11.

Based on past practice, internet service provider ("ISP") Comcast also provided Ms. Pinnell with a copy of Standing Order 2016-7, and this is supported by the large number of parties seeking pro bono counsel in this district in related cases prior to being identified by their respective ISPs. As such, Ms. Pinnell has on three separate occasions been provided Standing Order 2016-7. Decl. Counsel ¶ 10.

2. Legal Argument

Standing Order 2016-8 is an order, authorizing plaintiff to issue a Rule 45 subpoena to a subscriber such as Ms. Pinnell. The non-compliance with a subpoena properly issued pursuant to a court order may support a finding of contempt. *See, Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 495 n.5 (a Rule 45 subpoena is a court order which, unless objected to pursuant to Rule 45(d), may warrant contempt sanctions in the event of noncompliance). This very course of action suggested by Judge Acosta in this District in a similar case of *Dallas Buyers Club v. Doe*. 6:15-cv-00221-AC, Ecf. 45 (D.Or., Oct. 13, 2015).

While a plaintiff's usual course might be to file for a motion to compel to give a subscriber one last chance, the experience of counsel with cases in this district is the added step of a motion to compel rarely results in more than additional time assessed against an eventual defendant.

In addition to the clear notice of the subpoena served, Ms. Pinnell has also now *three times* been provided express and clear notice in the form of Standing Order 2016-7 that she may be subject to sanctions for her failure to comply with plaintiff's subpoena. Having been clearly informed four times, twice by court orders sent by mail by plaintiff and Comcast, and when served with plaintiff's subpoena and yet another copy of Standing Order 2016-7, it is unlikely

anything short of a finding of contempt will result in Ms. Pinnell's compliance.

    3.  Conclusion

Wherefore, plaintiff moves for an Order to Show Cause why Ms. Pinnell should not be found in contempt for failing to comply with plaintiff's subpoena and Standing Order 2016-8, subject to sanctions, and directed to provide relevant testimony pursuant to plaintiff's subpoena.

    DATED:  August 11, 2016.

                                    */s/Carl D. Crowell*
                                    Carl D. Crowell, OSB No. 982049
                                    email:  carl@crowell-law.com
                                    (503) 581-1240
                                    Of attorneys for the plaintiff