UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DALLAS BUYERS CLUB, LLC | Civ. No.: 3:16-CV-00551-AC |
| Plaintiff,<br>v. | OPINION AND ORDER |
| DOE-71.238.61.141 | |
| Defendant. | |

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff Dallas Buyers Club, LLC ("Dallas") moves for an order finding Sara Pinnell ("Pinnell") in contempt for her failure to attend and participate in a deposition pursuant to a subpoena issued under Rule 45 of the Federal Rules of Civil Procedure ("Rule 45") and Standing Order 2016-8. Dallas also seeks sanctions against Pinnell for her failure to attend the Rule 45

Page 1 - Opinion and Order                                                              {SRI}

deposition.

The court finds Pinnell substantially violated a clear and specific court order when Pinnell failed to attend and participate in a nonparty deposition, as required by the Rule 45 subpoena. Therefore, the court finds Pinnell in contempt under Rule 45. The court further finds Dallas should be awarded attorney fees and costs related to the motion for contempt and Pinnell's nonappearance at the deposition.

*Background*

Dallas filed this lawsuit on March 30, 2016, against a Doe defendant known only through an Internet Protocol ("IP") address. Dallas alleges an individual used the IP address to copy and distribute Dallas's motion picture, *Dallas Buyers Club* ("Movie"), on numerous occasions via a BitTorrent client. Dallas alleges Doe defendant willfully and intentionally infringed on Dallas's rights under 17 U.S.C. § 106 ("Copyright Act"). Because of the nature of Doe defendant's conduct, Dallas requests this court enjoin and restrain Doe defendant from causing Dallas great and irreparable injury.

Pursuant to Standing Order 2016-8, Dallas subpoenaed Internet Service Provider Comcast, which led to the identification of a singular subscriber, Sara Pinnell, assigned to IP address 71.238.61.141 used by Doe defendant. On May 16, 2016, Dallas sent Pinnell the first of two letters and copy of Standing Order 2016-7. (Taylor Decl. dated July 13, 2016 (ECF No. 9)("Taylor Decl.") ¶4.) Dallas sent Pinnell a second letter on May 23, 2016. (*Id.*) Dallas received no response to either letter. (Taylor Decl. ¶5.)

On at least nine separate occasions between June 3, 2016, and June 25, 2016, Dallas attempted, but failed, to personally serve Pinnell with a Rule 45 subpoena, accompanied by a check

for mileage and appearance fee, cover letter, and copy of Standing Order 2016-7. (*Id.*) Subsequently, on July 14, 2016, this court granted Dallas's motion to permit alternative service of a Rule 45 subpoena by United States mail on a non-party. Dallas then mailed a new subpoena, letter, and copy of Standing Order 2016-7 to Pinnell on July 15, 2016, with confirmed delivery on July 16, 2016. (Crowell Decl. dated August 11, 2016 (ECF No. 13)("Crowell Decl.") ¶8.) The subpoena ordered Pinnell to appear for deposition on August 9, 2016, at 3:30 p.m. (Crowell Decl., Ex. 3.) Pinnell "failed to respond to any of the letters or the subpoena served on her, or appear pursuant to the subpoena for the August 9, 2016[,] deposition, or make any attempts to reschedule her FRCP 45 deposition or otherwise contact [Dallas]." (Crowell Decl. ¶11.)

On August 11, 2016, Dallas filed a Motion for Order to Show Cause for Contempt or Sanctions. (ECF No. 12.) This court issued an order directing Pinnell to appear on October 17, 2016, to show cause as to why she should not be held in contempt for failure to participate in a nonparty deposition. Pinnell failed to appear or show cause. This opinion addresses Dallas's motion for contempt and sanctions under Rule 45.

*Legal Standard*

Under Rule 45, a subpoena may be issued requiring a nonparty to attend a deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(1) (2016). The "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1) (2016). Once a nonparty has been properly served with a Rule 45 subpoena, the nonparty "may (1) comply with the subpoena, (2) serve an objection on the requesting party in accordance with Civil Rule 45(c)(2)(B), or (3) move to quash or modify the

subpoena in accordance with Civil Rule 45(c)(3)." *In re Plise*, 506 B.R. 870, 878 (2014) (citation omitted)  When a nonparty serves a written objection to the subpoena, the party seeking the deposition must obtain a court order directing the nonparty to comply with the subpoena. *Id.* (citations omitted).  Even if a nonparty does not serve a written objection or move to quash, and thus a court order compelling compliance is not required, "the more prudent practice for the court is to issue such an order before entertaining a motion for contempt." *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 694 (7th Cir. 2010) (citation omitted).

Pursuant to Rule 45, "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." FED. R. CIV. P. 45(g) (2016).  A court ruling on a contempt motion related to a nonparty's noncompliance with a discovery subpoena should pay "special attention to the procedural and substantive rights of the nonparty witness." *U.S. S.E.C.*, at 694.

To initiate contempt proceedings, a court must issue an order to show cause as to why a contemnor should not be held in contempt, as well as a notice of a date for the hearing. *Alcade v. NAC Real Estate Invs. & Assignments, Inc.*, 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008) (citation omitted).  A motion for order to show cause for contempt or sanctions "satisfies the due process notice requirement by giving the nonmoving party notice of his opportunity to respond before the substantive request of relief is entertained." *U.S. S.E.C.*, at 695 (citation omitted).  Moreover, "[a] civil contempt order must be accompanied by a 'purge' condition, meaning, it must give the contemnor an opportunity to comply with the order before payment of a fine or other sanction becomes due." *Martinez v. City of Pittsburg*, 2012 WL 699462, at *3 (N.D. Cal. 2012) (citations omitted).  Civil contempt proceedings are "a trial within the meaning of Fed.R.Civ.P. 43(a)."

*Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 495 n.4 (9th Cir.1983). Oral testimony is required and issues may not be tried on the basis of affidavits. *Id.*

The moving party must establish the contemnor violated a specific and definite court order by clear and convincing evidence. *Go-Video, Inc. v. Motion Picture Ass'n of Am.*, 10 F.3d 693, 695 (9th Cir. 1993). The contemnor must then demonstrate why she was unable to comply with such an order. *Id.* A person should not be held in contempt if her "action 'appears to be based on a good faith and reasonable interpretation of (the court's order)'[.]" *Vertex Distrib., Inc., v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982) (quoting *Rinehart v. Brewer*, 483 F. Supp. 165, 171 (S.D. Iowa 1980)). A court may consider a nonparty's "history of non-compliance and the extent to which the witness failed to comply during the pendency of the motion for contempt." *Martinez v. City of Avondale*, No. CV 12 1837 PHX LOA, 2013 WL 5705291, at *4 (D. Ariz. 2013) (citation omitted).

A nonparty's noncompliance with a subpoena may warrant contempt sanctions. *See Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.5 (9th Cir. 1983) Contempt sanctions may include deposition attendance fees. *See PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002). Moreover, a court's inherent power to impose sanctions includes the imposition of attorney fees against a nonparty. *See Corder v. Howard Johnson & Co.*, 53 F.3d 225, 232 (9th Cir. 1994).

*Discussion*

Dallas established the existence of a court order and Pinnell's violation of such order, by clear and convincing evidence. The Rule 45 subpoena, issued pursuant to Standing Order 2016-8, constitutes a court order for which Pinnell's failure to comply could result in a finding of civil

Page 5 Opinion and Order                                                                                              {SRI}

contempt. *See* FED. R. CIV. P. 45; *see also Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1340-41 (8th Cir. 1975) (citation omitted).

The record shows the court granted Dallas's Motion to Permit Alternative Mail FRCP 45 Service on Nonparty (ECF No. 8) because of Dallas's numerous failed attempts to personally serve Pinnell via a process server. (Order ECF No. 11.) Dallas then served Pinnell with a Rule 45 subpoena via United States Mail requiring Pinnell's appearance at a deposition on August 9, 2016. After Pinnell failed to appear and participate at that deposition, as required by the Rule 45 subpoena, Dallas filed a motion for order to show cause.

Pinnell failed to appear at the show cause hearing. The record indicates Pinnell has repeatedly failed to appear as required by the subpoena and this court's show cause order. Further, Pinnell has made no attempt to provide excuses for her nonappearances and noncompliance with the court orders. As such, the court finds Pinnell in contempt.

## Conclusion

The court finds Pinnell is in contempt for failing to comply with the Rule 45 subpoena. Therefore, Dallas is entitled to recover costs associated with the failed deposition, as well as the motion for order to show cause. The court orders Dallas to provide an itemization of costs and attorney fees related to the issuance and service of the Rule 45 subpoena, as well as the costs related to preparation of the show cause motion, at an appropriate time, as discussed on the record.

Dated this 21st day of October, 2016.

JOHN V. ACOSTA
United States Magistrate Judge